```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE
COMPANY, GEICO INDEMNITY
COMPANY, GEICO GENERAL INSURANCE
COMPANY, and GEICO CASUALTY
COMPANY,

                         Plaintiffs,
       -against-                                                    MEMORANDUM & ORDER
                                                                    19-CV-2363 (PKC) (SMG)
CONRAD CEAN, M.D., NEW YORK PAIN
MANAGEMENT GROUP, P.L.L.C.,
NIKITA CADET, N.P., LILA SHAMS, N.P.,
WILLIAM GIBBS, M.D.,
STEVEN ST. JUSTE, N.P.,
and ALFORD SMITH, M.D.,

                         Defendants.
----------------------------------------------------------X
```

PAMELA K. CHEN, United States District Judge:

Plaintiffs Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company (collectively "GEICO"), have brought this action against Defendants New York Pain Management Group, P.L.L.C. ("NYPain") and its owner and employees,[1] alleging that they submitted or caused to be submitted fraudulent insurance charges for medical bills under New York's "No-Fault" law, in violation of various civil provisions of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962 *et seq* ("RICO Act"). (Complaint ("Compl."), Dkt. 1, at ¶¶ 1–3, 386–418.) GEICO also asserts state law claims for common law fraud, aiding and abetting fraud, and unjust enrichment.

---

[1] Of the numerous Defendants named in this action, this Memorandum and Order references only those who have asserted counterclaims: Conrad Cean, M.D.; NYPain; William Gibbs, M.D.; Alford Smith, M.D.; and Steven St. Juste, N.P. (*See generally* Answer, Dkt. 26.) The Court notes that Defendants Leah Afolabi, Richard Afolabi, and Medx Pharmacy, L.L.C. were dismissed from this action on June 14, 2019. (June 14, 2019 Docket Order.)

1

(*Id.* at ¶¶ 419–52.)  Defendants NYPain, Dr. Cean, Dr. Smith, Dr. Gibbs, and Nurse St. Juste subsequently filed an answer asserting counterclaims seeking actual and consequential damages alleging (1) breach of contract of the Personal Injury Protection ("PIP") provisions pursuant to the requirements of New York law; (2) violations of the proper claims handling procedures mandated by the New York Codes, Rules, and Regulations ("N.Y.C.R.R."), 11 N.Y.C.R.R. 65-3.2; (3) violation of 11 N.Y.C.R.R. 65-3.5–3.8 by failing to follow proper claims handling principles; and (4) "willfully and intentionally employ[ing] red-tape and dilatory practices . . . in their claims handling to deter [Defendants] from filing proper claims for reimbursement," in violation of 11 N.Y.C.R.R. 65.  (NYPain Defendants' Answer ("Ans."), Dkt. 26, at ¶¶ 24–50.)

Following an August 15, 2019 pre-motion conference, GEICO moved to dismiss the counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (*See generally* Plaintiffs' Motion to Dismiss ("MTD"), Dkt. 39.)  GEICO also filed a motion to stay all pending collection arbitrations,[2] and enjoin any future actions that are filed by Defendants and relate to the underlying allegedly fraudulent bills at issue in this case.  (*See generally* GEICO's Motion to Stay ("MTS"), Dkt. 43-1.)  Defendants did not respond to the motion for a stay and injunction, and the Court deems it unopposed.  For the reasons set forth herein, GEICO's motion to dismiss is granted in full, and GEICO's motion for a stay and an injunction is granted in full.

**I.    Motion to Dismiss Counterclaims**

    **A.    Legal Standard**

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

---

[2] GEICO's motion to stay the pending arbitrations only applies to NYPain and Dr. Cean. (*See* GEICO Sept. 9, 2019 Letter to the Court, Dkt. 38.)

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hogan v. Fischer*, 738 F.3d 509, 514 (2d Cir. 2013). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Hogan*, 738 F.3d at 514. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678; *see also Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 729 (2d Cir. 2013). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

In considering a motion to dismiss for failure to state a claim, courts "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *see also Pension Benefit Guar. Corp.*, 712 F.3d at 717 ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." (internal quotation marks and citation omitted)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Pension Benefit Guar. Corp.*, 712 F.3d at 717 (quoting *Iqbal*, 556 U.S. at 679). "[A] . . . counterclaim, like all pleadings, must conform to the pleading requirements of

3

*Twombly* and *Iqbal*." *GEOMC Co., Ltd. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 99 (2d Cir. 2019).

B. **Defendants' First Counterclaim: Defendants Fail to State a Claim for Consequential Damages for Breach of Contract**

GEICO asserts that Defendants' First Counterclaim for breach of contract with respect to the PIP provisions should be dismissed as to Defendants' request for consequential damages, as "[c]laims for consequential damages by a healthcare provider arising from a purported breach of No-Fault insurance policies are not legally cognizable." (MTD, Dkt. 39, at 3 (citing *Int'l Rehabilitative Scis. Inc. v. Gov't Emples. Ins. Co.*, No. 12-CV-1225 (RJA), 2014 WL 6387276 (W.D.N.Y. Nov. 14, 2015), *report and recommendation adopted by*, 2015 WL 12781046 (W.D.N.Y. May 26, 2015)).)

"'Special contract damages are extraordinary in that they do not so directly flow from the breach. These extraordinary damages are recoverable only upon a showing that they were foreseeable and within the contemplation of the parties at the time the contract was made." *CVS Pharmacy, Inc. v. Press America, Inc.*, 377 F. Supp. 3d 359, 383 (S.D.N.Y. 2019) (internal quotation marks and citations omitted). Under New York law, consequential damages are only available in a breach of contract action in limited circumstances. *Bi-Economy Market, Inc. v. Harleysville Ins. Co. of New York*, 886 N.E.2d 127, 130 (N.Y. 2008). The New York Court of Appeals mandates a "case-specific approach . . . to distinguish general damages from consequential damages." *Biotronik A.G. v. Conor Medsystems Ireland, Ltd.*, 11 N.E.3d 676, 682 (N.Y. 2014).

New York enacted the Comprehensive Automobile Insurance Reparations Act, New York Insurance Law ("N.Y. Ins. Law") §§ 5101–5109, for the purpose of "ensur[ing] prompt compensation for losses incurred by accident victims without regard to fault or negligence, to

4

reduce the burden on the courts[,] and to provide substantial premium savings to New York motorists." *Med. Soc'y of State of N.Y. v. Serio*, 800 N.E.2d 728, 731 (N.Y. 2003) (citing Governor's Mem. approving L. 1973, ch. 13, 1973 McKinney's Session Laws of N.Y., at 2335). No-fault insurers, like GEICO, may reimburse patients up to $50,000 without proof of the other driver's fault; reimbursements may include necessary expenses incurred for medical or other professional health services. *See* N.Y. Ins. Law §§ 5102(a)(1), (b). Insurers are required to verify a claim, and then pay or deny the claim within 30 days. *See* N.Y. Ins. Law § 5106(a); 11 N.Y.C.R.R. §§ 65–3.8(a), (c). Generally,

> an insurance carrier has a duty to investigate in good faith and pay covered claims. Damages for breach of that duty include both the value of the claim, and consequential damages, which may exceed the limits of the policy, for failure to pay the claim within a reasonable time. . . . Such consequential damages may include loss of earnings not directly caused by the covered loss, but caused, instead, by the breach of the implied covenant of good faith and fair dealing.

*Gutierrez v. Gov't Emps. Ins. Co.*, 25 N.Y.S.3d 625, 627–28 (N.Y. App. Div. 2016) (internal quotation marks and citations omitted).

Under New York law, an insured may assign his or her benefits "directly to providers of health care services." N.Y.C.R.R. § 65-3.11(a). The regulations specify the criteria needed for a health care provider to receive direct payment from the insurer. *See* N.Y.C.R.R. § 65-3.11(b). "It is hornbook law that an assignee stands in the shoes of an assignor and thus acquires no greater rights than its assignor." *Gov't Emps. Ins. Co. v. Saco*, Nos. 12-CV-5633 & 15-CV-634 (NGG) (ST), 2018 WL 6531608, at *6 (E.D.N.Y. Dec. 11, 2018) (internal quotation marks and alterations omitted). "[I]n a third-party bad-faith action, the plaintiff (the assignee) may bring whatever claim and receive whatever damages to which the insured party (the assignor) would have been entitled had she pursued the bad-faith claim as a direct action." *Id.*

"This Circuit has consistently held that . . . consequential damages are permitted when they derive from an insurer's bad faith refusal to pay an insured's claim and such damages were reasonably contemplated by both parties at the time of the contract's execution." *Goldmark, Inc. v. Caitlin Syndicate Ltd.*, No. 09-CV-3876 (RRM) (RER), 2011 WL 743568, at *3 (E.D.N.Y. Feb. 24, 2011) (collecting cases).

> To determine whether consequential damages were reasonably contemplated by the parties, courts must look to the nature, purpose and particular circumstances of the contract known by the parties as well as what liability the defendant fairly may be supposed to have assumed consciously, or to have warranted the plaintiff reasonably to suppose that it assumed, when the contract was made.

*MVP Health Plan, Inc. v. OptumInsight, Inc.*, 765 F. App'x 615, 618 (2d Cir. 2019) (summary order) (internal quotation marks, citations, and alterations omitted).

In this instance, Defendants allege that: GEICO issued policies to numerous motor vehicle owners that contained PIP provisions pursuant to New York law, obligating the insurer to pay first-party benefits; NYPain provided medically necessary medical services to eligible persons who were injured; the PIP benefits were properly assigned to NYPain; GEICO breached its contract, *i.e.*, the PIP obligations, by failing to pay NYPain the first-party benefits that were due; and NYPain was thereby damaged. (Ans., Dkt. 26, ¶¶ 24–31.) Defendants, however, do not allege bad faith, nor do they assert any facts that would support such an inference. Accordingly, the Court finds that Defendants have not stated a claim for consequential damages in connection with their breach of contract counterclaim, and grants Plaintiff's motion to dismiss this aspect of Defendants' First Counterclaim. *Cf. Iqbal*, 556 U.S. at 678.

### C. Defendants' Remaining Counterclaims: Defendants Fail to State Claims for Statutory or Regulatory Violations

Plaintiff argues that Defendants' Second, Third, and Fourth Counterclaims should be dismissed because they fail to state a claim, asserting that they are devoid of factual allegations

and only consist of reciting regulatory requirements and stating that GEICO allegedly violated those requirements. (MTD, Dkt. 39, at 3–5.) The Court agrees and dismisses the Second, Third, and Fourth Counterclaims for failing to state a claim upon which relief may be granted.

The counterclaims alleged by Defendants are wholly devoid of factual allegations and do not meet the minimal requirements of a well-pleaded complaint. In the Second and Third Counterclaims, Defendants simply recite law and assert conclusory legal statements that GEICO failed to follow the law, without providing any additional explanation. (*See* Ans., Dkt. 26, ¶¶ 32–43.) Though marginally more detailed, Defendants' Fourth Counterclaim is similarly based on conclusory statements lacking factual explanation or support. For example, Defendants assert that GEICO engaged in "dilatory practices" such as "demanding [that] medical providers . . . provide information unrelated to verifying claims under the pretext of a verification" (*id.* at ¶¶ 46, 47), without explanation as to what that pretext was, what sort of information was demanded, or any temporal or other context. For these reasons, Defendants' Second, Third, and Fourth Counterclaims are dismissed for failure to state a claim. *Cf. Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

## II. Motion to Stay Pending Arbitrations and Enjoin New Proceedings

### A. Legal Standard

GEICO seeks an Order from this Court staying all state court no-fault collection arbitrations pending before the American Arbitration Association between GEICO and NYPain and Dr. Cean, and enjoining them from commencing any further no-fault insurance collection arbitrations or lawsuits against GEICO pending the resolution of GEICO's declaratory judgment

claim in this action.³ (MTS, Dkt. 43-1, at 1.) The collection actions at issue are the same bills at issue in GEICO's declaratory judgment action and the First Counterclaim, discussed *supra*. (*See id.* at 2.)

GEICO's dual requests are considered in tandem as a motion to stay arbitration and a motion for a preliminary injunction to prevent additional actions from being filed, utilizing the same standard. *Allstate Ins. Co. v. Elzanaty*, 929 F. Supp. 2d 199, 217 (E.D.N.Y. 2013); *see also Moore v. Consol. Edison Co. of N.Y.*, 409 F.3d 506, 510 (2d Cir. 2005).

> In order to justify a preliminary injunction, a movant must demonstrate 1) irreparable harm absent injunctive relief; and 2) 'either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in the plaintiff's favor.'

*Elzanaty*, 929 F. Supp. 2d at 217 (quoting *Metro. Taxicab Bd. of Trade v. City of New York*, 615 F.3d 152, 156 (2d Cir. 2010)). "The showing of irreparable harm is [p]erhaps the single most important prerequisite for the issuance of a preliminary injunction, and the moving party must show that injury is likely before the other requirements for an injunction will be considered."

---

³ In this case, GEICO is asking the Court to, *inter alia*, restrain a party from instituting state proceedings. It is well-settled that a district court may do that. *See, e.g.*, *Pathways, Inc. v. Dunne*, 329 F.3d 108, 114 (2d Cir. 2003) ("The Anti–Injunction Act does not prevent a federal court from restraining a party from instituting future state proceedings." (citing *Dombrowski v. Pfister*, 380 U.S. 479, 484 n.2 (1965)); *In re Baldwin–United Corp.*, 770 F.2d 328, 335 (2d Cir. 1985)). In fact, Courts in this Circuit have applied this standard in multiple cases with substantially similar facts to grant relief identical to what GEICO seeks here. *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Parisien*, 352 F. Supp. 3d 215, 233–35 (E.D.N.Y. 2018); *Gov't Emps. Ins. Co. v. Mayzenberg*, No. 17-CV-2802 (ILG), 2018 WL 6031156, at *5–9 (E.D.N.Y. Nov. 16, 2018); *Gov't Emps. Ins. Co. v. Strutsovskiy*, No. 12-CV-330 (LJV), 2017 WL 4837584, at *6–9 (W.D.N.Y. Oct. 26, 2017); *Allstate Ins. Co. v. Tvildiani*, No. 14-CV-732 (SJ) (RLM), 2015 WL 13048729, at *1 (E.D.N.Y. Apr. 14, 2015) ("Litigating hundreds of arbitrations concurrent to this litigation would be inefficient and unwise."); *Liberty Mut. Ins. Co. v. Excel Imaging, P.C.*, 879 F. Supp. 2d 243, 264 (E.D.N.Y. 2012).

*Elzanaty*, 929 F. Supp. 2d at 221 (quoting *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002)).

B.  **GEICO Will Suffer Irreparable Harm**

GEICO argues that wasting time and resources in arbitrations with awards that might eventually be, at best, inconsistent with judicial rulings and, at worst, essentially ineffective, constitutes irreparable harm. The Court agrees.

To show irreparable harm the moving party must establish that "'there is a continuing harm which cannot be adequately redressed by final relief on the merits' and for which 'money damages cannot provide adequate compensation.'" *Id.* (quoting *Kamerling*, 295 F. 3d at 214). Additionally, "irreparable harm must be shown to be actual and imminent, not remote or speculative." *Id.* (internal quotation marks and citation omitted).

GEICO has shown irreparable harm here. Irreparable harm occurs where "an insurer is required to waste time defending numerous no-fault actions when those same proceedings could be resolved globally in a single, pending declaratory judgment action." *Parisien*, 352 F. Supp. 3d at 233; *see also Mayzenberg*, 2018 WL 6031156, at *5–6.

C.  **There Exists a Serious Question Going to the Merits of This Action**

The Court finds that there is a serious question going to the merits of this action that make them a fair ground for trial, rendering a stay and injunction appropriate. *Cf. Parisien*, 352 F. Supp. 3d at 234; *Elzanaty*, 929 F. Supp. 2d at 222. GEICO has alleged, in significant detail, facts relating to Defendants' fraudulent activity in its Complaint, describing fraudulent medical treatment, deceitful billing protocols, and an illegal kickback and referral scheme. (*See, e.g.*, Compl., Dkt. 1, ¶¶ 70–72, 77, 89–311, 314–49, 374–75.) Thus, GEICO has "adequately detailed a complicated scheme of alleged fraud activity," *Elzanaty*, 929 F. Supp. 2d at 222, and, in light of the exhibits on

9

record, it cannot be said that its request for injunctive relief "rest[s] on mere hypotheticals," *Hancock v. Essential Resources, Inc.*, 792 F. Supp. 924, 928 (S.D.N.Y. 1992).

### D. The Balance of Hardships Tips in GEICO's Favor

Lastly, the Court must balance the hardships of GEICO and Defendants. GEICO contends that Defendants will suffer no hardship if their claims are settled in one sweeping declaratory judgment, rather than "on a piecemeal basis in multitudinous arbitral proceedings with the prospect of significantly varying outcomes." (MTS, Dkt. 43-1, at 18–19.) Defendants did not respond to GEICO's motion to stay and thus assert no hardship. By contrast, if the requested stay and injunction are not granted, GEICO will suffer the unnecessary and costly burden of defending against a multitude of separate state court collection actions in different jurisdictions.[4] Indeed, granting the stay and injunction will actually save all parties time and resources. Rather than adjudicating hundreds of individual claims in a piecemeal fashion, all claims can be efficiently and effectively dealt with in a single declaratory judgment action. *See Elzanaty*, 929 F. Supp. 2d at 222 (finding that "all parties will benefit from having the issue of fraudulent incorporation determined in one action"). Thus, the balance of hardships supports a stay in the pending arbitration proceedings and an injunction against the commencement of future state court collection proceedings.

*      *      *

In sum, the Court finds that all factors weigh in favor of granting GEICO's motion to stay the pending no-fault collection arbitration proceedings and to enjoin any future collection proceedings. There exist serious questions going to the merits of this action; Defendants will not

---

[4] According to GEICO, there are currently more than 220 collection arbitrations pending against GEICO that were initiated by NYPain Defendants. (Dkt. 43-1 at 2.)

be unduly harmed by such an Order; GEICO will suffer irreparable harm should the arbitrations be allowed to proceed; and the balance of hardships weigh heavily in favor of this outcome.

## Conclusion

For the reasons set forth above, the Court:

(1) Grants GEICO's motion to dismiss the request for consequential damages in the Defendants' First Counterclaim, and dismisses Defendants' Second, Third, and Fourth Counterclaims in their entirety;

(2) Grants GEICO's motion to stay all pending no-fault collection arbitrations between GEICO and NY Pain Defendants, pending the disposition of GEICO's declaratory judgment claim in this action. For the purposes of this Order NYPain Defendants are defined as Conrad Cean, M.D. and New York Pain Management Group, P.L.L.C.;

(3) Grants GEICO's motion to enjoin NYPain Defendants, as defined in (2), from commencing any further no-fault insurance collection arbitrations against GEICO, pending the disposition of GEICO's declaratory judgment claim in this action; and

(4) Grants GEICO's motion to enjoin NYPain Defendants, as defined in (2), from commencing any no-fault insurance collection lawsuits against GEICO, pending the disposition of GEICO's declaratory judgment claim in this action.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: November 22, 2019
       Brooklyn, New York